IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUN-AIR OF SCANDINAVIA A/S, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Misc. Case No. 23-MC-387 ) ) |
| JET SUPPORT SERVICES, INC., | ) **DISTRICT COURT FOR THE** ) **NORTHERN DISTRICT OF ILLINOIS** ) N.D. Ill. Case No. 1:22-cv-00068-JCD |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
BRITISH AIRWAYS' COMPLIANCE WITH NON-PARTY SUBPOENA**

Pursuant to Rule 37 and Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant/Counterclaimant Jet Support Services, Inc. ("JSSI"), by and through undersigned counsel, submits this memorandum in support of its Motion to Compel ("Motion to Compel") non-party British Airways PLC to produce documents and appear for a deposition in compliance with a third-party subpoena.

**I.    SUMMARY**

JSSI's Motion to Compel relates to an action pending in the United States District Court for the Northern District of Illinois, *Sun-Air of Scandinavia A/S v. Jet Support Services Inv.*, 1:22-cv-00068-JCD (the "Illinois Lawsuit"). The Plaintiff, Sun-Air of Scandinavia A/S ("Sun-Air') is a regional airline operator based in Denmark and serving British Airways flight routes. JSSI is an independent aircraft maintenance program provider offering customers financing for the significant and often unpredictable costs of maintaining and repairing jet aircraft engines. Sun-Air claims that JSSI breached an aircraft maintenance contract and its duty of good faith and fair dealing by purporting to terminate the contract prior to its expiration. JSSI, meanwhile, has

brought counterclaims for (1) breach of contract—Sun-Air's account balance was more than $10 million in arrears—and (2) fraudulent inducement—Sun-Air misrepresented its flight hours when the parties negotiated the contract, leading to contractual rates that were more favorable to Sun-Air and not ultimately supported by Sun-Air's low engine utilization.

Sun-Air indicated at the time of its contract negotiations with JSSI that it was flying in excess of 1,000 hours per engine per month, and this number would only be increasing because Sun-Air was expanding on British Airways' network. In fact, JSSI has reason to believe that this was never the case. British Airways' evidence is relevant to this critical aspect of the ongoing litigation. Therefore, JSSI served a subpoena on British Airways to gather information about its relationship with Sun-Air and to verify the information that Sun-Air initially provided to it.

## II.   FACTS

In accordance with Rule 45(a), the British Airways subpoena was issued from the United States District Court for the Northern District of Illinois, where this action is pending. There can be no dispute that the subpoena satisfies the form and content requirements of Rule 45(a) and that the subpoena was properly served on British Airways.

On August 14, 2023, pursuant to Federal Rule of Civil Procedure 45(a)(4), counsel for JSSI served notice of the British Airways subpoena on counsel for Sun-Air. At no time has Sun-Air asserted any privileges or objections to the subpoena.

On August 24, 2023, the subpoena was served on British Airways' registered agent. A true and accurate copy of the subpoena is attached as Exhibit A, with proof of service attached as Exhibit B. The subpoena commanded British Airways to produce responsive documents and a representative for deposition on or before September 25, 2023, though the cover letter attached to

the subpoena requested that counsel for British Airways contact counsel for JSSI to discuss a plan for the document production and deposition. Ex. A at p. 1.

The subpoena required compliance at the New York law offices of Armstrong Teasdale LLP, counsel for JSSI. These offices are located less than half a mile from British Airways' North American headquarters, which is clearly within 100 miles of where British Airways regularly transacts business. *See* Fed. R. Civ. P. 45(c) (providing that a subpoena may command attendance at a deposition and production of documents at a place "within 100 miles" of where the subpoenaed entity regularly transacts business).

Despite properly serving a valid subpoena on British Airways, JSSI received no response. Accordingly, on October 2, 2023, counsel for JSSI sent a letter to British Airways via certified mail, requesting a response by October 10, 2023, and advising that JSSI would be forced to file a motion to compel absent any response. A true and accurate copy of the letter is attached as Exhibit C. On October 5, 2023, counsel for JSSI also reached out via email to counsel representing British Airways in an unrelated matter pending before this Court. Although this counsel initially requested a copy of the subpoena, and despite subsequent phone calls, this exchange did not ultimately result in any response from British Airways either.

To date, British Airways has not objected to the subpoena, asserted any privilege, moved to quash, or otherwise responded to the subpoena in any way. Thus, it is apparent that although counsel for JSSI has made a good faith attempt to confer with British Airways regarding the subpoena, British Airways will not comply with the subpoena without this Court's intervention.

### III.  ARGUMENT

Federal Rule of Civil Procedure 45(d)(2)(B) requires that an objection to a subpoena be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served"—

deadlines which are both now long past. Indeed, after receiving a subpoena, an entity has two options: "comply or move to quash." *York Grp., Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401 (7th Cir. 2011). *See* also *Mackey v. IDT Energy, Inc.*, No. 19 MISC. 29(PAE), 2019 WL 2004280, at *8 (S.D.N.Y. May 7, 2019) (granting motion to compel in part and motion to quash in part). Because British Airways did not object to the subpoena and did not move to quash, it must comply.[1]

A subpoena issued under Rule 45 by an attorney as an officer of the court is considered a "court order." *S.E.C. v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010). *See also Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20 CV 1214 (FB) (LB), 2021 WL 7906537 (E.D.N.Y. Nov. 3, 2021), *report and recommendation adopted sub nom. Gov't Emp. Ins. Co. v. N. Med. Care, P.C.*, No. 1:20-CV-01214-FB-LB, 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021) (recommending that deponent be directed to show cause for failure to respond to subpoena or face sanctions). The subpoena issued to British Airways set forth unambiguous orders to produce responsive documents to JSSI's counsel and appear for deposition at a designated place and time. British Airways:

- <u>never</u> objected to the subpoena;
- <u>never</u> moved to quash;
- <u>never</u> sought a protective order; and
- <u>has refused</u> to produce responsive documents or otherwise respond to the subpoena.

There is absolutely no basis for British Airways' conduct. The subpoena was properly served and is valid. As detailed herein, British Airways has not provided any legal basis for its

---

[1] Similarly, Rule 30 of the Federal Rules of Civil Procedure authorizes parties in civil actions to "depose any person," including the use of civil subpoenas to compel such deponent's attendance. Fed. R. Civ. P. 30(a)(1). If a non-party fails to appear for his or her deposition, the United States District Court for the district where compliance is required may enter an order compelling the non-party to appear for such deposition. See Fed. R. Civ. P. 37(a)(1).

noncompliance—to be sure, it never responded at all or appeared for deposition. Consequently, the Court should require British Airways to produce documents responsive to the subpoena and a witness to appear for deposition immediately.

Finally, JSSI is entitled to recover its expenses, including attorneys' fees and costs, incurred as a result of filing this Motion. Fed. R. Civ. P. 37(a)(5) ("If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); *see, e.g., Sprint Nextel Corp. v. Ace Wholesale, Inc.,* No. 1:12-CV-2902-JEC, 2014 WL 4308355, at *2 (S.D.N.Y. Aug. 26, 2014) (awarding movant reasonable attorney's fees of $15,000 where non-party failed to appear for deposition in response to subpoena).

JSSI is not able to resolve this dispute without the Court's intervention. British Airways has offered no justification for failing to comply with the subpoena or appear for deposition. In fact, British Airways has never responded to any of JSSI counsel's attempts to communicate with it. JSSI has been and continues to be prejudiced by British Airways' inactions, and the circumstances warrant an award of expenses. *See, e.g., Ultradent, Prod., Inc. v. Hayman,* 2002 WL 31119425, at *5 (S.D.N.Y. Sept 24, 2002) (awarding costs under Rule 37 against non-party who failed to comply with document subpoena). Additionally, since British Airways failed to comply with the subpoena and did not offer or submit any objections or other reasons for its non-compliance, the Court should order British Airways to reimburse JSSI's costs and expenses, including attorneys' fees, incurred in bringing this Motion. *See* Fed. R. Civ. P. 37 (a)(5)(A) (explaining the Court must award attorneys fees when a motion to compel is granted after a deponent fails to appear).

## IV. CONCLUSION

For these reasons, JSSI respectfully requests that the Court grant its motion to compel compliance with the third-party subpoena issued to British Airways and enter an order:

    A.    Requiring British Airways to immediately comply with the subpoena;

    B.    Granting JSSI its attorneys' fees and costs in connection with this proceeding and its efforts to obtain compliance with the subpoena; and

    C.    Granting JSSI such other and further relief as is appropriate.

Dated: October 18, 2023

Respectfully submitted,

*/s/ Andrew T. Lolli*

Andrew T. Lolli
Armstrong Teasdale LLP
7 Times Square, 44th Floor
New York, NY 10036
alolli@atllp.com

Monte L. Mann
Angela B. Kennedy
Andrew P. Shelby
Emily L. Goeke
Armstrong Teasdale LLP
100 North Riverside Plaza, Suite 1500
Chicago, IL 60606
(312) 419-6900
mmann@atllp.com

Martin L. Roth, P.C.
Katie R. Lencioni
Michael K. Sciaccotta
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-7170
Facsimile: (312) 862-2200
martin.roth@kirkland.com

*Attorneys for Defendant Jet Support Services, Inc.*